546 A.2d 624

COMMONWEALTH of Pennsylvania, Appellant,

v.

William SWEENEY.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Kurt HECKER.

COMMONWEALTH of Pennsylvania, Appellant,

v.

John HARTUNG.

COMMONWEALTH of Pennsylvania, Appellant,

v.

John MATTERO.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Joseph MALLON.

Superior Court of Pennsylvania.

Argued March 9, 1988.

Filed July 14, 1988.

Reargument Denied Aug. 29, 1988.

Robert A. Graci, Deputy Attorney General, Media, for Com., appellant.

Steven C. Leach, Assistant Public Defender, Media, for Sweeney, appellee (at 2104).

William A. George, Media, for Hecker, appellee (at 2105).

James P. McHugh, Media, for Hartung, appellee (at 2106).

Arthur T. Donato, Jr., Media, for Mattero, appellee (at 2107).

Robert A. Auve, Ridley Park, for Mallon, appellee (at 2108).

Before ROWLEY, WIEAND and MONTEMURO, JJ.

ROWLEY, Judge:

These consolidated appeals by the Commonwealth are from the trial court's order dated July 10, 1987, denying appellant's application for an extension of time for the commencement of trial pursuant to Pa.R.Crim.P. 1100 and granting the appellees' petitions to dismiss. We reverse.

Although no trial has yet been held, this is the second time these cases have been before our Court on appeal by the Commonwealth. On October 11, 1984, criminal complaints were filed against appellees, Sweeney, Hecker, Hartung, Mattero and Mallon, by the Pennsylvania Attorney General's Office ("the Commonwealth") pursuant to a presentment returned on September 20, 1984, by an investigating grand jury sitting in Harrisburg. Following arraignment, the cases were consolidated and trial was scheduled for April 1, 1985. Appellees Hartung and Mattero filed motions to dismiss pursuant to Rule 1100 on March 20 and 21, 1985, respectively. The other appellees joined in the motions. Appellees argued that the 180 days within which the Commonwealth was required to call the case for trial began on September 20, 1984, the date the investigating grand jury returned the presentment. Accordingly, it was their position that the 180–day period under Rule 1100 expired on March 19, 1985. A hearing on the appellees' motions was held on April 1, 1985, after which the trial court granted the motions and dismissed the charges as to all appellees.

The Commonwealth timely filed notices of appeal on April 18 and 19, 1985,[1] to this court. By opinion and order of August 7, 1986,[2] the trial court's decision was reversed. Our Court held that the Rule 1100 period began to run when the prosecutor filed the criminal complaints. Accordingly, April 9, 1985, was established as the correct run date.

1. The Commonwealth filed notices of appeal as to Sweeney, Mattero, and Mallon on April 18, 1985. Notices of appeal as to Hecker and Hartung were filed by the Commonwealth on April 19, 1985.

2. *Commonwealth v. Mallon,* 356 Pa.Super. 493, 515 A.2d 1 (1986).

Therefore, eight days still remained of the 180–day period when the trial court entered its order dismissing the charges.

On August 15, 1986, eight days after the entry of our order reversing the trial court's decision, the Commonwealth filed applications for extension of time to commence trial pursuant to Rule 1100(c) and (d) as to each defendant.[3] The applications alleged that the time from the entry of the trial court's order dismissing the charges on April 1, 1985, until the date of remand of the record from the Superior Court was excludable from the 180–day calculation and that these cases could not be called to trial, despite due diligence, within the eight (8) days remaining under Rule 1100 after the record would be remanded to the trial court. See Pa.R.A.P. 2572. In response to the Commonwealth's applications for extension of time, each of the appellees, except Mallon, filed a second motion to dismiss the charges. On August 21, 1986, while the Commonwealth's and appellees' motions were pending in the trial court, appellees Sweeney,

3. The original record reveals that on August 14, 1986, the District Attorney for Delaware County filed applications for extension of time pursuant to Rule 1100 as to each of these appellees. Although captioned "Application of the District Attorney of Delaware County for Order Extending Time for Commencement Rule 1100(c) and 1100(d)", the applications are virtually identical to those filed by the Attorney General the following day. Attached as "Exhibit A" to the District Attorney's applications, are copies of the applications filed by the Attorney General the following day. Moreover, the District Attorney's applications are neither signed nor endorsed by any member of the Delaware County District Attorney's Office, while the copies of the Attorney General's applications included in each as "Exhibit A" are signed by John J. Burfete, Jr., Deputy Attorney General, and notarized, giving the appearance in every way of being original applications. These "Exhibits" are identical to the applications filed by the Attorney General on August 15, 1986. It is not entirely clear why the District Attorney filed petitions for extension of time which incorporated the Attorney General's independently filed petitions for extension of time. However, as the trial court's opinion in support of its order of July 10, 1987, refers to the "Commonwealth's Motions to Extend Time for Trial, said motions having been filed *on or about* August 14, 1986," (trial court opinion at p. 3), we consider the applications dismissed by the trial court in its order of July 10, 1987, as being the ones filed by the Attorney General, whose office is prosecuting these cases on behalf of the Commonwealth.

Hecker, Hartung and Mattero filed, in this Court, motions for reargument of this Court's August 7, 1986, order.

On September 16, 1986, a hearing was held by the trial court on the Commonwealth's applications for extension of time and appellees' motions to dismiss. However, all counsel agreed that a decision by the trial court on the matters raised in their respective motions, would be stayed, pending disposition of appellees' motions in this Court for re-argument. The appellees' petitions for re-argument were denied on September 30, 1986, by this Court. Appellees then filed petitions for allowance of appeal to the Pennsylvania Supreme Court on October 27, 1986. These petitions were denied by the Supreme Court by order dated May 18, 1987.[4] Counsel for appellees and the Commonwealth were notified of the Supreme Court's disposition by notice dated June 2, 1987, from the Deputy Prothonotary of the Supreme Court.[5]

Following notice of the Supreme Court's decision, the Commonwealth filed, on June 11, 1987, a second set of applications for extension of time to commence trial under Rule 1100 with regard to Sweeney, Hecker, Hartung and Mattero. These applications restated the allegations set forth in the applications filed on August 15, 1986. In addition, they set forth the proceedings before the Supreme Court which delayed the remand of the records of the cases to the trial court. Appellees filed answers to the Commonwealth's applications for extension of time. They also filed a second set of motions to dismiss the charges under Rule 1100. On June 30, 1987, the Commonwealth filed supplemental or amended applications for extension of time asserting additionally that the trial in fact commenced on April 1, 1985, which was the date of the hearing in the trial court on appellees original motions to dismiss. Hecker filed an answer to this allegation.

4. The original record does not contain a copy of this order; however, the denial of the appeal is noted on the Superior Court docket pages.

5. The record is unclear when the record was remanded to the trial court following the Supreme Court's denial of the petition for review. However, it is clear that it was subsequent to the Commonwealth's filing of its applications for extension of time on August 15, 1986.

Finally on July 6, 1987, a hearing was held on the Commonwealth's applications for extension of time, on appellees' responses thereto, and on appellees' motions to dismiss. Following the hearing the trial court, on July 10, 1987, entered the order from which the instant appeal has been taken. In its order the trial court denied the Commonwealth's August 15, 1986, applications for extension of time as being untimely, and again dismissed the charges as to each of the appellees. The trial court reasoned that because the original run date, as calculated by this Court, was April 9, 1985, the Commonwealth was required to either file: (1) an application for extension of time or (2) its notice of appeal within the eight days remaining after the trial court's original order dismissing the charges on April 1, 1985. Because no application was filed during that period, and the Commonwealth's notices of appeal from the April 1, 1985, order were not filed until April 18 and 19, 1985, the trial court concluded that the Commonwealth's requests for an extension of time, filed August 15, 1986, were late, and the prosecution was barred by Rule 1100. In other words, the trial court concluded that although it had dismissed the charges on April 1, 1985, the Rule 1100 clock continued to run against the Commonwealth until it either filed an appeal or petitioned for an extension of time. Since neither was done, the trial court reasoned, the 180 days expired on April 9, 1985, and as of that date further prosecution was barred by Rule 1100.

On appeal, the Commonwealth contends that the trial court's order of April 1, 1985, dismissing the charges, effectively terminated the prosecution and tolled the Rule 1100 period. It argues that the only duty remaining on the Commonwealth was to perfect its appeal within 30 days because the time calculated under Rule 1100 stopped running on April 1, 1985. The Commonwealth further argues that the Rule 1100 period did not begin to run again until the record was remanded to the trial court from the Supreme Court which was subsequent to May 18, 1987. Therefore, the Commonwealth argues, its applications for extension of time, filed August 15, 1986, were timely and

the trial court erred in denying the applications as untimely and in dismissing the charges.

Appellees counter that the Commonwealth was required to file an application for extension of time before April 9, 1985, the original run date, in order to avoid the effects of Rule 1100. They further argue that Rule 1100 makes no provision to exclude the period of time between the trial court's order dismissing the charges and when the notice of appeal was filed. Therefore, they argue, the Commonwealth's applications for extension of time filed on August 15, 1986, were untimely and the trial court did not err in discharging them.

We note initially that our present review only concerns the applications for extension of time filed on August 15, 1986, as those were the applications and motions upon which the trial court entered its order which gives rise to the instant appeal.

This Court recently decided the case of *Commonwealth v. Fuchs*, 372 Pa.Super. 499, 539 A.2d 1307 (1988). There, the trial court dismissed the charges pursuant to Rule 1100 following the Commonwealth's appeal of an earlier trial court order dismissing the charges. The trial court had ruled that the Solid Waste Management Act was unconstitutional. The Pennsylvania Supreme Court reversed and remanded the case for further proceedings. Although the issue there differed from that now before us, we had occasion to make reference to the effect of a trial court's pretrial order dismissing charges. We said:

> At that point, no charges remained pending against the defendant to be tried and the Commonwealth had no basis for proceeding in the trial court. It was not until the Supreme Court reversed the trial court's order and remanded the case to the trial court that defendant became available for prosecution. We therefore find that the period from June 13, 1984 until October 27, 1986, was excludable under Pa.R.Crim.P. 1100(d)(3)(i) due to the unavailability of the defendant. Neither the Common-

wealth nor the defendant needed to file motions for an extension of time during this period.

*Id.*, 372 Pa.Superior Ct. at 505, 539 A.2d 1310. We concluded that once the charges were dismissed, pretrial, the defendant was no longer available for trial.

The same is true in the instant case. It is clear that once the trial court entered its order of April 1, 1985, dismissing the charges and discharging the appellees, there was nothing left for the Commonwealth to do but appeal. So far as the trial court and the appellees were concerned, the cases were closed. The only recourse available to the Commonwealth at that point was to appeal the trial court's decision to this Court. Under Pa.R.A.P. 903(a), the Commonwealth had 30 days from the filing of the order in which to file its notice of appeal. That was done timely on April 18 and 19, 1985. Following this Court's decision of August 7, 1986, the Commonwealth filed its applications for extension of time on August 15, 1986, prior to the remand of the record to the trial court. At the time these applications for extension of time were filed, the cases were still in the appellate system, and the Rule 1100 clock was still tolled. Therefore, the trial court erred in denying them and dismissing the charges.

Our decision today is consistent with the Supreme Court's decisions in *Commonwealth v. Johnson*, 487 Pa. 197, 409 A.2d 308 (1979); and *Commonwealth v. Leatherbury*, 499 Pa. 450, 453 A.2d 957 (1982). In *Johnson*, the Commonwealth filed a criminal complaint charging the defendant with murder. When the bill of indictment was presented to the grand jury, the primary witness for the prosecution invoked his fifth amendment privilege against self incrimination, and the grand jury dismissed the indictment for lack of evidence. More than seven months later, after acquiring new evidence and receiving leave of court, the Commonwealth submitted the indictment to a new grand jury which approved the indictment. In deciding whether the Commonwealth had violated Rule 1100, the Supreme Court held that the first grand jury's dismissal of the indictment effectively

terminated the charges against the defendant and stopped the running of the Rule 1100 period. The clock did not begin to run again until the indictment was approved by the second grand jury.

Similarly, in *Leatherbury, supra,* criminal charges were dismissed following the third scheduled preliminary hearing in which the Commonwealth's witnesses failed to appear. Four months later, the Commonwealth filed a second complaint charging the defendant with the same crimes contained in the first complaint. In reversing an order of this Court discharging the defendant based upon the Commonwealth's violation of Rule 1100, the Supreme Court held that the dismissal of the charges in the first complaint tolled the running of the Rule 1100 period until the filing of the second complaint and that the defendant, therefore, was tried in compliance with Rule 1100.

We find no significant distinction between the dismissal of the indictment by the grand jury (*Johnson*), the dismissal of the charges by a magistrate (*Leatherbury*), or dismissal by the trial court (this case). In each case an independent authority dismissed the charges and terminated the prosecutions. Such action effectively tolls the running of the Rule 1100 time.

We find further support for our decision in *Commonwealth v. Navarro,* 499 Pa. 279, 453 A.2d 308 (1982), in which the Commonwealth withdrew the complaint thirty-four days after filing the charges, and filed a second complaint one hundred and fifteen days later. The Supreme Court held that, absent an obvious attempt by the Commonwealth to avoid the requirements of Rule 1100, the withdrawal of the complaint by the Commonwealth effectively terminates the charges. As there was no evidence on the record that the Commonwealth was attempting to avoid the requirements of Rule 1100, the 180–day period was tolled as of the date the complaint was withdrawn.

Based upon the foregoing authorities, it is clear that once the charges are dismissed before trial, the Rule 1100 clock stops to run. Therefore, the trial court erred in finding that

the clock continued to run following its order of April 1, 1985, dismissing the charges.

Having found that the trial court erred in dismissing the Commonwealth's applications for extension of time as being untimely, we do not address the Commonwealth's alternative argument that the trial in these cases commenced with the hearing on the pretrial motions of April 1, 1985.

Order reversed and cases remanded. Jurisdiction is not retained.