453 A.2d 308

**COMMONWEALTH of Pennsylvania**

v.

**Linda NAVARRO, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 22, 1982.

Decided Dec. 10, 1982.

John W. Packel, Chief, Appeals Div., Leonard Sosnov, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Ann C. Lebowitz, Asst. Dist. Attys., Philadelphia, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This case involves our 180-day rule, Pa.R.Crim.Proc. 1100. On October 18, 1977, a written complaint was filed against appellant Linda Navarro charging her with assault. Thirty-four days later, on November 21, 1977, the Commonwealth withdrew the charges because of the death of the victim, a death unrelated to the alleged assault. On March 16, 1978, 115 days after the Commonwealth's withdrawal of the charges, a second written complaint was filed against appellant for the assault, although no new evidence had been gathered since the withdrawal of the charges. Trial was commenced on August 9, 1978, 146 days after the second complaint had been filed. Appellant was found guilty of aggravated and simple assault on the basis of the testimony

of persons to whom the victim had spoken after the offense had occurred.[1]

Appellant maintains that the period of 115 days between the withdrawal of charges and the filing of the second complaint was chargeable to the Commonwealth under Rule 1100, and that her motion to dismiss the charges (filed on May 1, 1978, 195 days after the institution of criminal proceedings) should thus have been granted. In support of her contention, appellant relies on *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976), in which this Court held that the entry of a *nolle prosequi* by the Commonwealth did not operate to toll the speedy-trial period.

This Court has limited *Whitaker* to those cases in which "there is an obvious attempt to evade the requirements of Rule 1100(c) [(governing applications of the Commonwealth for extensions of time)] through the use of the *nolle prosequi* procedure." *Commonwealth v. Johnson*, 487 Pa. 197, 204, 409 A.2d 308, 311 (1979). Thus in *Johnson* it was held that the speedy trial period was tolled from the date that one grand jury had refused to return an indictment to the date that a subsequent grand jury had approved the bill. "At that point [(the point at which the first grand jury refused to indict)] the charges against [the accused] were effectively terminated...." 487 Pa. at 203, 409 A.2d at 311.

Here, as in *Johnson*, it must be concluded that the Commonwealth's withdrawal of the assault charges against appellant effectively terminated those charges. Accordingly, the 180-day period was tolled on the date of withdrawal, November 21, 1977, thirty-four days after the prosecution had been commenced. As appellant was tried 146 days after the prosecution had resumed, appellant's Rule 1100 claim is without merit.[2]

---

1. The Court of Common Pleas of Philadelphia imposed a term of probation of three years. The Superior Court affirmed, and an appeal by allowance to this Court followed.

2. In determining whether the requirements of Rule 1100 had been met, *Johnson* added the period before the refusal of the first grand

282

Order of the Superior Court, 276 Pa.Super. 153, 419 A.2d 141, affirmed.

jury to indict to the period after the subsequent grand jury's approval of the bill, an approach which is in accordance with the Speedy Trial Standards of the American Bar Association Standards Relating to the Administration of Criminal Justice. See Standard 12–2.3(f) (2d ed. 1978). However, in *Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367 (1981), a majority of this Court focused only upon the time that had elapsed between the filing of a second complaint and the commencement of trial. There, the initial complaint had been dismissed at a preliminary hearing because of the Commonwealth's failure to present a prima facie case. Under the approach of both cases the trial in this case was timely commenced. Under *Johnson,* trial was commenced in 180 days, the initial period of 34 days before the withdrawal of charges plus the subsequent period of 146 days between the filing of the second complaint and trial; under *Genovese,* prosecution was commenced in 146 days, the period between the second complaint and trial.