**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Robert Earl LOGSDON, Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 2002.

Filed June 12, 2002.

Reargument Denied Aug. 21, 2002.

Thomas N. Farrell, Pittsburgh, for appellant.

Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before MUSMANNO, ORIE MELVIN and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Robert Earl Logsdon appeals from the June 1, 2000 judgment of sentence of four (4) to eight (8) years incarceration imposed subsequent to a jury trial during which appellant was found guilty of burglary,[1] receiving stolen property[2] and conspiracy.[3] Additionally, the trial court

---

1. 18 Pa.C.S.A. § 3502.

2. *Id.,* § 3925.

3. *Id.,* § 903(a)(1).

---

found appellant guilty of the summary offense of criminal mischief.

¶ 2 Appellant raises one issue on appeal:

Whether the trial court erred in denying Appellant's motion to dismiss pursuant to Rule 1100 [now Rule 600]?[4]

Appellant's brief at 6.

¶ 3 Our standard of review when considering a challenge to Pa.R.Crim.P. 600 follows.

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule [600] evidentiary hearing and the findings of the lower court. In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Vesel,* 751 A.2d 676, 680 (Pa.Super.2000) (citations omitted). Rule 600 states in pertinent part:

### Rule 600.   Prompt Trial

(A) ... (3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

"However, subsection (c)(3) of Rule [600] makes clear that the actions of the appellant can cause certain time periods to be excluded from the calculation of the 365 day time limit." *Vesel, supra.*

¶ 4 On June 11, 1997, a criminal complaint was filed against appellant and

---

4. Rule 1100 was renumbered Rule 600 effective April 1, 2001.

he was subsequently brought to trial 1,022 days later on March 29, 2000.[5] The Commonwealth and appellant agree 575 days of the delay are excludable.[6] The only time at issue is the time between August 5, 1999 and December 8, 1999.

 ¶ 5 The facts relative to this time frame indicate that on June 10, 1999, when appellant failed to appear for trial, a warrant was issued for his arrest. He was arrested on August 5, 1999 and trial was scheduled for December 8, 1999. Appellant argues the 125 days between August 5, 1999 and December 8, 1999 should be attributed to the Commonwealth. We disagree.

Under Rule [600], the Commonwealth may exclude not just the time that the defendant or his attorney is unavailable for trial, but *the entire period of delay that results from such unavailability.* The Superior Court has further held that *actual delay caused by the defendant's unavailability includes the period of time from the date of his unavailability until the earliest practicable trial date.* Any delay caused by the unavailability of a defendant is excluded from computation of the Rule [600] period. *Commonwealth v. Wentzel,* 434 Pa.Super. 76, 641 A.2d 1207, 1209 (1994) *appeal denied,* 539 Pa. 667, 652 A.2d 838 (1994) (citations and quotations omitted, emphasis added).

¶ 6 We conclude the delay between August 5 and December 8, 1999 was caused wholly by appellant's failure to appear for trial on June 10, 1999, the date on which the Commonwealth was prepared for trial.

The *only* reason appellant was not brought to trial on June 10th was his own failure to appear—accordingly, all of the time from that date forward until the first practicable jury trial date thereafter must be attributed to appellant. The trial court properly excluded from the Rule 600 period the 125 days from appellant's arrest on August 5, 1999 until his trial date of December 8, 1999. Appellant was brought to trial within 322 days.

¶ 7 Judgment of sentence affirmed.

---

5. While the trial judge determined 1,030 days had elapsed between the filing of the complaint and the commencement of trial (Trial Court Opinion, O'Toole, J., 5/04/01, at 4), our calculations indicate 1,022 days had elapsed. For purposes of resolution of this appeal, this discrepancy is of no import.

6. September 17, 1997 through January 21, 1998—126 days, and May 13, 1998 through August 5, 1999—449 days, for a total of 575 days. Appellant's brief at 15–16; Appellee's brief at 11–13.