J-S51004-17
J-S51005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYAN FINN | |
| | No. 2636 EDA 2016 |

Appeal from the Order July 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004896-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYAN FINN | |
| | No. 2834 EDA 2016 |

Appeal from the Order July 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004895-2012

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 23, 2018**

The Commonwealth has appealed from a July 18, 2016 order dismissing these two cases based upon its violation of Pa.R.Crim.P. 600 ("Rule 600"). The parties filed consolidated briefs in the matters, and

---

* Former Justice specially assigned to the Superior Court.

maintain that the appeals involve the same pertinent facts and law. We thus have consolidated them for purposes of disposition, and we affirm.

On March 3, 2012, Appellee Bryan Finn was arrested and charged at criminal action number 4896-2012 with robbery and related offenses in connection with an armed robbery that he allegedly committed at the Rivas Mini Mart on 66th Street and Buist Avenue, Philadelphia. He was charged at criminal action number 4895-2012, with robbery and various other crimes with respect to a gunpoint robbery of a food market on Elmwood Avenue, Philadelphia.

On July 18, 2016, after a hearing, both cases were dismissed due to the Commonwealth's violation of the rule in question. These appeals followed. The Commonwealth raises this issue: "Whether the court erred in ordering discharge under Rule 600 where, accounting for defense and court continuances not in the Commonwealth's control, time remained to proceed to trial under the rule." Appellant's brief at 2.

As this Court noted in **Commonwealth v. Peterson**, 19 A.3d 1131, 1134-35 (2011), *aff'd per curiam*, 44 A.3d 655 (Pa. 2012),

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice,

> bias, or ill will, as shown by the evidence or the record, discretion is abused.

"Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Commonwealth v. Burno***, 154 A.3d 764, 793 (Pa. 2017).

Rule 600 serves the dual purpose of protecting "a defendant's speedy trial rights as well as society's right to effective prosecution in criminal cases." ***Id***. A proper balance of the two interests was embodied in former Rule 600(G), which "requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control." ***Id***. (citing Pa.R.Crim.P. 600(G)). Accordingly, "If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant." ***Id.*** "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing that the Commonwealth has put forth a reasonable effort." ***Id***. at 794. "Failure to meet the rule's prompt-trial requirement constitutes grounds for dismissal." ***Commonwealth v. Mills***, 162 A.3d 323, 324 (Pa. 2017); Pa.R.Crim.P. 600(D)(1).

New Rule 600(A)(2)(a), which merely embodies old Rule 600 together with its associated case law, states that trial "shall commence . . . within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600 (A)(2)(a). Rule 600(C) contains a formula for computing the 365 period. First, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." Pa.R.Crim.P. 600(C)(1) (emphasis added). Any delay "caused by the defendant" is excluded from the computation. Pa.R.Crim.P. 600(C)(2). When the trial court grants a continuance, it must "record the identity of the party requesting the continuance and the reasons for granting or denying the continuance[.]" Rule 600 (C)(3)(a).

In this matter, the critical events were as follows. At the Rule 600 hearing, Appellee agreed that all continuances granted from the filing of the complaints until February 3, 2014, when his motion to suppress was heard, were not caused by the Commonwealth's lack of due diligence. Thus, under Rule 600, Appellee had to be tried by February 3, 2015. After Appellee's motion to suppress was denied on February 3, 2014, the Commonwealth indicated that it was going to call an eyewitness about whom Appellee was unaware. Thus, Appellee requested a short continuance to obtain the witness's name, which the trial court concluded that Appellee was entitled to receive. The court granted that continuance and expressly stated that the

delay from February 3, 2014 was attributed to the defense. That continuance resulted in the exclusion of sixteen days from the 365 calculation so that Appellee had to be tried by February 19, 2015. After entering the February 3, 2014 continuance, the court scheduled trial for February 19, 2014, which gave the Commonwealth sixteen days to give Appellee the information in question. Therefore, as of February 19, 2014, Rule 600 required the Commonwealth to bring Appellee to trial by February 19, 2015.

The Commonwealth did not reveal the identity of its witness, offering no reason for its failure, and, on the rescheduled trial date of February 19, 2014, a continuance was granted. While Appellee asked for a continuance on that date, the order granting that continuance did **not** indicate that the delay caused by it would be attributable to the defense. In that order, the trial court scheduled trial for February 6, 2015, which it stated was the earliest possible date that the court had available. The Commonwealth never gave Appellee the name of its surprise witness, and indicated that it would not present him/her at trial. It also made no effort to secure another courtroom.

A pretrial conference was held on February 6, 2015, when both sides were ready for trial, which was scheduled for February 9, 2015. Three defense-requested continuances resulted in trial being rescheduled for February 22, 2016 so that the 365-day Rule 600 period ended on March 10,

- 5 -

2016, which accounts for the sixteen days that were attributable to the February 3, 2014, to February 19, 2014 continuance. Trial was continued on February 22, 2016, within the time constraints outlined by Rule 600 because the Commonwealth's attorney had another trial. Trial was re-listed for July 18, 2016, when the motion to dismiss was granted.

Herein, the trial court concluded that the delay from the February 19, 2014 continuance was not attributable to the defense. We cannot find an abuse of discretion in that determination. The delay flowing from the February 19, 2014 continuance was caused by the Commonwealth's lack of due diligence because it had failed to hand over the name of the witness to Appellee, an action that the Commonwealth had sixteen days to perform. Simply put, this inaction cannot be characterized as a reasonable effort on the part of the Commonwealth to advance the case. If it had told Appellee the witness's name, trial would have commenced on February 19, 2014, within the Rule 600 time constraints.

On February 3, 2014, trial was scheduled in three days and Appellee was prepared to proceed. At that time, the Commonwealth decided to present a surprise witness at the scheduled trial, and Appellee asked for a brief continuance to discover the witness's identity so that he could prepare proper cross-examination. That brief continuance delay of sixteen days was attributed to him. The Commonwealth failed to perform the simple task of

giving the name of that witness to Appellee, never explaining its inaction and eventually reporting that the witness would not appear at trial.

Appellee was forced to ask for the February 19, 2014 continuance solely due to the Commonwealth's continued failure to give him a name, which meant that trial had to be scheduled on February 9, 2015. Thus, even though the February 19, 2014 continuance was requested by the defense, it was caused by the Commonwealth's lack of diligence flowing from its refusal to give Appellee the information that he sought. Indeed, the witness's identity never was revealed, and the Commonwealth ultimately articulated that it did not intend to present that person at trial. Likewise, no reason was offered as to why the Commonwealth did not indicate between February 3, 2014, and February 19, 2014, that the witness was not going to appear so that trial could have proceeded as scheduled on February 19, 2014.

Under Rule 600, delay caused by the Commonwealth when it did not exercise due diligence is not removed from Rule 600's 365-day calculation. Since the Commonwealth failed to exercise due diligence between February 3, 2014, and February 19, 2014, the time resulting from the February 19, 2014 continuance was caused by it, and the delay between February 19, 2014, and the newly-rescheduled February 9, 2015 trial date is not omitted from the 365 days so that, after grant of the February 19, 2014 continuance, Appellee still had to be tried under Rule 600 by February 19, 2015.

In asserting that the time between February 19, 2014, and February 9, 2015, should be excludable, the Commonwealth focuses on the fact that the February 19th continuance was labeled as a defense continuance, and it insists that the trial court must be bound by its characterization of that continuance. However, the February 19, 2014 continuance, in contrast to the one granted on February 3, 2014, failed to indicate that delay caused by its grant would be attributable to the defense. Furthermore, the Commonwealth refuses to acknowledge that the February 19, 2014 continuance was necessary solely due to its failure to disclose the identity of the witness, as ordered on February 3, 2014. None of the actions of Appellee, who was ready to proceed to trial if he had been given the witness's name, was responsible for the February 19, 2014 continuance request. Rather, the Commonwealth was directly responsible for the continuance because it represented that it was planning to present a witness that Appellee was not prepared to defend against and then it ignored, without explanation, its obligation to forward the name of that witness to Appellee.

Under paragraph (C)(1) of Rule 600, "any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time." Comment, Pa.R.Crim.P. 600. Conversely, during any period when the Commonwealth has not proceeded with due diligence, such

time is attributable to it. ***Mills***, ***supra***.[1]  In the present cases, it was actually the Commonwealth that "caused" the delay on February 19, 2014,

_____

[1] In ***Commonwealth v. Mills***, 162 A.3d 323 (Pa. 2017), our Supreme Court rejected a bright-line rule that the normal judicial progression of a case constitutes delay.  "[T]ime attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." ***Id***. at 325.  Nevertheless, the Court was sympathetic to delays caused by busy court calendars, noting that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." ***Mills***, ***supra*** at 325.  The present case involves a lengthy delay following a defense-requested postponement and is therefore not directly controlled by ***Mills***.  However, even if we accept the Commonwealth's characterization of the resulting delay of eleven and one-half months as of no moment due to the trial court's unavailability, the concurring opinion in ***Mills***, authored by Justice Wecht and joined by Justices Todd and Donohue, suggested that the Commonwealth cannot flatly rely upon judicial delay without first establishing its due diligence:

> [T]he Majority astutely observes that trial courts have the discretion to differentiate between the time that passes during the normal progress of a criminal case and the time that elapses when the court's calendar simply cannot accommodate a trial by the relevant date. My concern is that our trial courts too often make these judgments without first considering the Commonwealth's due diligence obligation.
>
> Characterization and delineation of the contested time periods is not always an easy task. Difficulty can arise, as it did in this case, when both "judicial delay" and the Commonwealth's due diligence obligation appear as options for the court. However, these two options are not equal, to be selected at the court's discretion. Nor can "judicial delay" be substituted for due diligence. Rather, due diligence must be proven by the Commonwealth, and assessed by the court, before "judicial delay" becomes a consideration in the time calculation for Rule 600.

***Id***. at 326 (Wecht, J., concurring).
*(Footnote Continued Next Page)*

and it was not duly diligent in prosecuting this matter between February 3, 2014, and February 19, 2014, because the name of the witness could have been given to Appellee within the sixteen days allotted to the Commonwealth by the February 3, 2014 continuance. This matter could have proceeded to trial on February 19, 2014, and the February 19, 2014 continuance did not operate to exclude any time from the 365-day calculation.

We also conclude that any delay caused by the February 22, 2016 continuance requested by the Commonwealth was caused by its failure to exercise due diligence. As of February 22, 2016, when the Commonwealth requested the continuance, there were sixteen days left within which it could have tried Appellee without violating Rule 600. Additionally on February 22, 2016, nearly four years had lapsed since the complaints herein were filed,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

In this respect, prior precedents have suggested that the Commonwealth may have the duty to seek an alternative courtroom when lengthy delays are involved. ***See e.g. Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa.Super. 2007) (case delayed by over six months due to unavailable courtroom; "Commonwealth attempted to have the case reassigned to another judge but none [was] available"). Thus, the Commonwealth arguably had the duty to seek an alternative courtroom as a component of its due diligence obligations, even if we accept the Commonwealth's argument that the defense was at fault for the postponement and resulting delays. We note that the Philadelphia County Court of Common Pleas website states that the County has "[f]orty-one commissioned judges . . . assigned to the criminal programs[.]" http://www.courts.phila.gov/common-pleas/trial/.

and the Commonwealth has offered this Court no reason why some other attorney from the largest district attorney's office in the Commonwealth could not have tried the matters, especially given the serious Rule 600 problems at issue. Since none of the time between February 22, 2016, and July 18, 2016, can be excluded from 365 days allotted by Rule 600, on July 18, 2016, the Commonwealth was in violation of Rule 600 by four months. It is evident that the Commonwealth was not duly diligent in prosecuting these cases, and we cannot find an abuse of discretion in the trial court's conclusion that Rule 600 was violated.

Orders affirmed.

P.J.E. Stevens joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/18

- 11 -