J.S45038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA
                 Appellee     :
                                      :
                    v.              :
                                      :
NATHANIEL WILLIAMS, JR.,       :
                                      :
               Appellant     :     No. 2045 MDA 2014

Appeal from the Judgment of Sentence July 14, 2014
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0003801-2012

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED AUGUST 21, 2015**

Appellant, Nathaniel Williams, Jr., appeals from the judgment of sentence entered in the York County Court of Common Pleas following his jury trial. He argues the Commonwealth did not exercise due diligence in attempting to locate him and therefore the trial court erred in denying his motion to dismiss pursuant to Pa.R.Crim.P. 600. We affirm.

On May 18, 2011, Appellant was driving a car registered to his girlfriend; he had two passengers. Trial Court Op., 3/12/15, at 2; N.T. Trial, 5/5/14, at 127. Pennsylvania State Troopers attempted to stop his vehicle for various infractions, but Appellant "did not respond[,] continued fleeing" and ultimately struck a parked vehicle. Trial Ct. Op. at 2. Appellant then

---

[*] Former Justice specially assigned to the Superior Court.

fled the scene on foot. ***Id.*** A subsequent inventory search produced drugs and other items. ***Id.*** A second search of the car, conducted after Appellant's girlfriend consented, produced mail with Appellant's name on it, photographs of Appellant, "a marijuana smoking cigar, and a video camera and case." ***Id.*** at 2-3. Two days later, on May 20th, he visited the home of the woman whose car he hit during the chase. ***Id.*** at 3. He told her he was the driver of the vehicle that hit her car, he would not pay for any damage, and "that if she went to court she would be the only one there." ***Id.*** The woman knew Appellant "through prior contacts" and identified him in a photo array. ***Id.***; N.T. Trial at 142.

On August 1, 2011, Pennsylvania State Police filed a complaint and the trial court issued an arrest warrant. Both documents stated Appellant had "no fixed address." Appellant was not apprehended until April 4, 2012, on unrelated charges. This period of 247 days[1] is the subject of the instant appeal. On March 27, 2013, Appellant filed a Rule 600 motion to dismiss arguing, *inter alia*, the Commonwealth did not exercise due diligence in locating him. The trial court held a hearing on May 13th, and denied the motion on January 9, 2014.

Appellant's trial began on May 5, 2014. On May 8th, the jury found

---

[1] While the trial court opinion states this period was 252 days, we calculate it as 247 days. ***See*** Trial Ct. Op. at 3, 5.

Appellant guilty of fleeing or attempting to elude a police officer,[2] possession of a controlled substance,[3] possession of drug paraphernalia,[4] and victim/witness intimidation.[5] The trial court separately found Appellant guilty of possession of a small amount of marijuana[6] and multiple traffic violations.[7] On July 14, 2014, the trial court imposed a sentence of one and a half to three years in state prison and $4,487.88 restitution for fleeing or attempting to elude a police officer, a concurrent one to two years in state prison for possession of a controlled substance, a concurrent thirty days' probation for possession of a small amount of marijuana, a concurrent twelve months' probation for possession of drug paraphernalia, ninety days in York County prison for reckless driving, and a consecutive one to two

---

[2] 75 Pa.C.S. § 3733(a).

[3] 35 P.S. § 780-113(a)(16).

[4] 35 P.S. § 780-113(a)(32).

[5] 18 Pa.C.S. § 4952(a)(3).

[6] 35 P.S. § 780-113(a)(31)(i).

[7] The trial court found Appellant guilty of the following traffic violations: violating traffic control signals, 75 Pa.C.S § 3112(a)(3)(i); disregarding traffic lanes, 75 Pa.C.S. § 3309(1); failure to stop at a stop sign, 75 Pa.C.S. § 3323(b); failure to signal, 75 Pa.C.S. § 3334(a); driving a vehicle at an unsafe speed, 75 Pa.C.S. § 3361; accidents involving damage to an unattended vehicle or property, 75 Pa.C.S. § 3745(a); and reckless driving, 75 Pa.C.S. § 3763(a).

years in state prison for victim/witness intimidation.[8]   N.T. Plea & Sentencing, 7/14/14, at 22-23.

On July 16, 2014, Appellant filed a timely post-sentence motion.[9]  The trial court held a hearing on October 31, 2014, and that same day denied the motion in part and granted it in part.[10]  On December 1, 2014, Appellant filed his notice of appeal.  On the following day, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement.  He was granted two extensions of time to file his statement, and complied by filing one on February 19, 2015.

Appellant raises the following issue for review:

> Whether the trial court erred in denying Appellant's Motion to Dismiss based on Rule 600 by finding that the Commonwealth exercised due diligence in attempting to locate and bring Appellant to trial?

Appellant's Brief at 4.  He argues the Commonwealth did not exercise due diligence in trying to locate him where the "officer's only efforts to locate [him] over an eight month period are entering a warrant into the NCIC database and, on two occasions, checking his name in the PACIC database."

---

[8] At the same hearing, Appellant also pleaded guilty to and was sentenced on the unrelated charges for which he was apprehended on April 4, 2012.

[9] Appellant filed a *pro se* post-sentence motion on July 25, 2014, but the trial court did not take action on it.  Trial Ct. Op. at 4.

[10] The trial court partially granted Appellant's post-sentence motion by amending his reckless driving sentence of ninety days in York County Prison to "run concurrently with the other counts."  N.T. Post-Sentence Mot., 10/31/14, at 6.  The trial court denied the motion in all other respects.  ***Id.***

- 4 -

*Id.* at 12.  Appellant contends due diligence requires an officer to do more than "enter [a defendant's] name into databases, sit back, and wait." *Id.* at 15.  Appellant contrasts the officer's actions in this case to those in other cases.  He concludes that because these "efforts . . . cannot be seen as diligent, [ ] the trial court erred in denying his motion to dismiss." *Id.* at 18. We find no relief is due.

Our standard and scope of review in analyzing a Rule 600 issue are both well-settled:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion.  Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court.  An appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Peterson*, 19 A.3d 1131, 1134-35 (Pa. Super. 2011) (citations omitted).

Rule 600 reads, in pertinent part:

> (A) Commencement of Trial; Time for Trial
>
> *   *   *
>
> > (2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A)(2)(a), (C)(1).

The Commonwealth has the burden of proving by a preponderance of the evidence that due diligence was employed by the Commonwealth in attempting to apprehend [a defendant]. In determining whether the police acted with due diligence, a balancing process must be employed where the court, using a common sense approach, examines the activities of the police and balances this against the interest of the accused in receiving a fair trial. We have held that, where the Commonwealth exercises due diligence in attempting to locate a defendant prior to arrest, the period of elapsed time between the date of the filing of the complaint and the date of the arrest is excludable pursuant to [Rule 1100[11]]. Further, when this [C]ourt is reviewing the trial court's ruling "that the Commonwealth has met its burden, we shall consider only the evidence presented by the Commonwealth and so much evidence as presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted."

---

[11] We note "Rule 1100 was the predecessor to Rule 600." **Peterson**, 19 A.3d at 1136 n.5.

***Commonwealth v. Newman***, 555 A.2d 151, 155 (Pa. Super. 1989) (citations omitted). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010) (citations omitted).

Instantly, it is clear that the May 5, 2014 jury trial commenced after the mechanical run date.[12] The trial court opined:

> In the present case, the speedy trial issue comes down to the [247] day period between the filing of the criminal complaint and the day . . . Appellant was located and arrested. At the [Rule 600] hearing, defense counsel argued that the police should have talked to associates of . . . Appellant, checked prisons, or checked with adult probation. The defense further argued that . . . Appellant was not intentionally absconding from the law because he was found in York. The Commonwealth argued that the police did all that they could with the information known to them at the time. The police not only entered . . . Appellant's arrest warrant in PaCIC and the national database, but also contacted his then-girlfriend in an attempt to locate him. . . . Appellant was found to have no fixed address, so in the Commonwealth's opinion, the police had done all they could do.
>
> Looking at what the police did do in this case, we believe that the Commonwealth did exercise due diligence. We cannot think of anything else the police could have done, short of accidentally running into [Appellant], that would have increased their chances of finding [him] any sooner. It was the actions of the police, putting the warrant into the state and national database, which led to .

---

[12] "The mechanical run date is calculated by adding 365 days to the date the criminal complaint is filed." ***Peterson***, 19 A.3d at 1137 n.6.

. . Appellant's arrest in this case. Had officers not entered that information this may have been a case with a difference result.

Trial Ct. Op. at 5-6 (record citations omitted).

As stated above, Appellant evaded state troopers in a vehicle chase, fled the scene on foot, and was eventually apprehended on unrelated charges. Trial Ct. Op. at 2. At the time of the incident, Appellant did not have a fixed address. N.T. Rule 600 H'rg, 5/13/13, at 4-5. Police believed he may be at his girlfriend's home but "she was not there." *Id.* at 4. Police also entered Appellant's name in both the PACIC and NCIC databases. *Id.* at 5. Ultimately, Appellant was apprehended while "staying at a Super 8 Motel." *Id.* at 4. We hold the trial court did not abuse its discretion in finding the Commonwealth "put forth a reasonable effort" in locating Appellant. *Peterson*, 19 A.3d at 1134-35; *see Selenski*, 994 A.2d at 1089. Thus, we conclude the trial court did not err in denying Appellant's motion to dismiss pursuant to Rule 600. *See Newman*, 555 A.2d at 155.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015