J-S33029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID HARRIS | : | |
| | : | |
| Appellant | : | No. 30 WDA 2023 |

Appeal from the Judgment of Sentence Entered December 2, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001490-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID HARRIS | : | |
| | : | |
| Appellant | : | No. 31 WDA 2023 |

Appeal from the Judgment of Sentence Entered December 2, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002715-2021

BEFORE:    BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:               **FILED: DECEMBER 8, 2023**

David Harris (Appellant) appeals from the judgments of sentence entered, across two dockets, in the Erie County Court of Common Pleas,

_____

[*] Former Justice specially assigned to the Superior Court.

following his jury convictions of assault by life prisoner[1] and related offenses.[2] Appellant avers the trial court erred in denying his Pa.R.Crim.P. 600 speedy-trial motion. First, he contends the delay in holding the preliminary arraignment, due to technical issues with video-conferencing equipment, should have been attributed to the Commonwealth. Second, Appellant maintains that after the initial charge of assault by life prisoner was dismissed for lack of evidence, the Commonwealth failed to exercise due diligence when it did not refile the charge for almost five months, and thus the run date should be the date of the initial filing of the charge. We agree with the trial court that even if it accepted both of Appellant's arguments, trial commenced 13

---

[1] 18 Pa.C.S. § 2704 ("Every person who has been sentenced to death or life imprisonment . . . in this Commonwealth . . . who commits an aggravated assault . . . by any means of force likely to produce serious bodily injury, is guilty of a crime, the penalty for which shall be the same as the penalty for murder of the second degree.").

[2] As we discuss *infra*, following the preliminary hearing, three charges were initially held over for court and filed at trial docket CP-25-CR-0002715-2021 (the 2021 Docket), while one charge was dismissed, but later refiled at trial docket 25-CR-0001490-2022 (the 2022 Docket).

Furthermore, we note Appellant has properly filed separate notices of appeal at docket. *See Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (separate notices of appeal must be filed when a single order resolves issues arising on more than one trial court docket), *overruled in part*, *Commonwealth v. Young*, 265 A.3d 462, 477 (Pa. 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed). *See also* Pa.R.A.P. 902 (amended May 18, 2023).

days after the adjusted run date, and the court showed it had scheduling conflicts that prevented trial from commencing sooner. Thus, we affirm.

On October 26, 2020, Appellant was serving a life sentence at SCI Albion. He got into an argument with an inmate who was using the particular telephone Appellant wished to use. N.T. Jury Trial Day 1 – Morning, 9/21/22, at 28-29. A corrections officer heard a "loud click like someone got hit," looked over, and saw the inmate fall to the ground and Appellant "stomp on his head." *Id.* at 30. The victim suffered, *inter alia*, a concussion and multiple extensive facial fractures, which required surgery. N.T. Jury Trial Day 1 – Afternoon Session, 9/21/22, at 25-26.

On July 21, 2021, a police criminal complaint was filed, charging Appellant with assault by life prisoner — the most serious offense herein, as a conviction carried a mandatory sentence of life imprisonment[3] — as well as assault by prisoner, aggravated assault, and simple assault.[4]

A preliminary arraignment was initially scheduled for July 26, 2021, but was not held until September 7th. *See* Magisterial District Judge 06-3-08, Criminal Docket at 1. This delay, which we calculate to be 43 days,[5] was due

---

[3] *See* 18 Pa.C.S. § 2704.

[4] 18 Pa.C.S. §§ 2703(a)(1)(i), 2702(a)(1), 2701(a)(1), respectively.

[5] As we discuss *infra*, Appellant repeatedly refers to this period, between the originally scheduled preliminary arraignment date (July 26, 2021,) and the actual hearing date (September 7th,) to be 48 days long. *See* Appellant's
*(Footnote Continued Next Page)*

- 3 -

to "issues with the Polycom equipment" that would enable Appellant to appear by video for the proceeding.  *See* Opinion & Order, 9/22/22, at 1.

A preliminary hearing was held on October 21, 2021.[6]  Apparently, the Commonwealth did not appear.  *See* N.T., 9/20/22, at 3.  A state trooper affiant did appear, but "did not enter . . . information" that Appellant was serving a life sentence.  *See id.* at 9, 12.  The magisterial district court thus dismissed the assault by life prisoner charge, but held over the remaining charges for court.  These held over charges were filed at the 2021 Docket.

The Commonwealth refiled the assault by life prisoner charge on March 17, 2022 — 147 days, or almost five months, after the dismissal of the initial charge.  This charge was filed at the 2022 Docket.

Eventually, a joint trial for the two dockets was scheduled for the September 2022 term.  Order, 8/4/22.  On September 8 and 9, 2022, Appellant filed separate Pa.R.Crim.P. 600 motions, at each docket, to dismiss the charges.

_____

Brief at 13; N.T. Motion to Dismiss, 9/20/22, at 3; Appellant's Motion to Dismiss, 2021 Docket, 9/8/22, at 4 (unpaginated); Appellant's Motion to Dismiss, 2022 Docket, 9/9/22, at 2 (unpaginated).  We instead calculate it to be 43 days.  In any event, we note there are 48 days from the **filing of the complaint** to the preliminary arraignment.

[6] The certified record does not include a transcript for the preliminary hearing, and there is no indication in the trial docket that the transcript was requested. Nevertheless, we glean the above undisputed statements about the preliminary hearing from the notes of testimony of the Rule 600 motion hearing.  *See* N.T., 9/20/22, at 3, 9, 12.

On the day scheduled for trial, September 20, 2022, the trial court conducted a hearing on the Rule 600 motions. Appellant first argued the Commonwealth failed to act with due diligence when: it could have "handled" the preliminary hearing itself in a diligent manner; and it did not refile the assault by life prisoner charge for four months, despite the lack of "essentially [any] change in the circumstances." N.T., 9/20/22, at 9-10. We note that in his written motion, Appellant also averred the run date for this charge should be the date of the initial complaint filing — July 21, 2021. Appellant's Motion to Dismiss, 2022 Docket, at 2. Furthermore, Appellant alleged the "48 day[ ]" delay, between the originally scheduled date of the preliminary arraignment and the actual date of that proceeding, should be attributed to the Commonwealth, "as the use of the PolyCom equipment [was] solely for [its benefit] in alleviating it of the burden of transporting a defendant in person to court hearings." Appellant's Motion to Dismiss, 2021 Docket, at 4.

The Commonwealth responded that: it did not learn of the dismissed charge until December of 2021; in January of 2022, it communicated with defense counsel, who did not agree to the Commonwealth's "add[ing] the charge back;" and thus the Commonwealth contacted the officer. N.T., 9/20/22, at 3-4. The officer then refiled the assault by life prisoner charge on March 17, 2022. *See id.* at 4. Meanwhile, the Commonwealth explained, it held the advancement of the 2021 Docket case, so that the new charge could

"catch up." *Id.* Appellant responded it was "not fair to say that the Commonwealth was unaware" of the dismissal of the charge. *Id.* at 9.

After hearing the parties' arguments, the trial court denied Appellant's motions to dismiss. First, it reasoned the technical issues with the Polycom equipment were not due to any fault on the Commonwealth's part, and thus that delay was not chargeable against the Commonwealth. Opinion & Order at 1-2. Second, the trial court found there was no evidence the Commonwealth did not exercise due diligence in prosecuting the **first** complaint, and thus the run date for the refiled charge was the date of the second filing (March 17, 2022). *Id.* at 2, *citing* **Commonwealth v. Peterson**, 19 A.3d 1131, 1141 (Pa. Super. 2011) (*en banc*) ("Where the Commonwealth exercises due diligence in prosecuting the **original** criminal complaint, the time period between the dismissal of the first complaint and the re-filing of the second complaint is irrelevant for purposes of Rule 600 and the Commonwealth is only required to re-file within the applicable statute of limitations.") (emphasis added). Finally, the court found there was no prejudice to Appellant, who was already serving a life sentence. Opinion & Order at 3.

A jury trial commenced that same day, September 20, 2022.[7] Appellant was found guilty of all charges: assault by life prisoner, assault by prisoner, aggravated assault, and simple assault.

On December 2, 2022, the trial court imposed the statutorily mandated sentence of life imprisonment for assault by life prisoner, and found the remaining offenses merged with this charge for sentencing purposes. **See** Sentencing Order, 2021 Docket, 12/2/22. However, on January 3, 2023, the court issued a modified sentencing order, removing the finding of merger for the remaining offenses and simply imposing no further penalty. Modified Sentencing Order, 2021 Docket, 1/3/23.

Appellant filed timely, separate notices of appeal at each docket, and complied with the trial court's orders to file Pa.R.A.P. 1925(b) statements of errors complained of on appeal.

Appellant presents one issue for our review:

Whether the trial court erred in denying . . . Appellant's motion to dismiss pursuant to Rule 600?

Appellant's Brief at 4.

At this juncture, we consider the applicable standard of review:

_____

[7] Appellant contends his trial commenced on September **21**, 2022. Appellant's Brief at 13. However, the comment to Rule 600 provides that a trial commences when, *inter alia*, "the trial judge determines that the parties are present and directs them to proceed to voir dire or to opening argument." Pa.R.Crim.P. 600, *comment*. As jury selection began September **20th**, that is the date trial commenced for Rule 600 purposes.

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Carl*, 276 A.3d 743, 748 (Pa. Super. 2022) (citation omitted), *appeal denied*, 292 A.3d 839 (Pa. 2023).

This Court has explained:

[Rule] 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). [However,] "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

*Carl*, 276 A.3d at 749.

First, a trial court shall determine the mechanical run date, which "is calculated by adding 365 days to the date the criminal complaint is filed." *See Peterson*, 19 A.3d at 1137 n.6; *Carl*, 276 A.3d at 749.

"Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." *Carl*, 276 A.3d at 749 (citation omitted).

"Excludable time" is defined . . . as . . . any period of time for which the defendant expressly waives Rule 600; and/or such

- 8 -

> period of delay at any stage of the proceedings as results from:
> (a) the unavailability of the defendant or the defendant's attorney;
> (b) any continuance granted at the request of the defendant or the defendant's attorney." . . .

*Peterson*, 19 A.3d at 1137 (citation omitted). Additionally, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." *Carl*, 276 A.3d at 749, *citing* Pa.R.Crim.P. 600(C)(1).

> Finally,

> [i]f the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). . . . Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[ ] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Carl*, 276 A.3d at 749 (some citations omitted). "The Commonwealth bears the burden of proving, by a preponderance of evidence, that it acted with due diligence throughout the proceedings." *Id.* at 748 (citation omitted).

> We also consider the dual public policy concerns behind Rule 600:

> (1) the protection of the accused's speedy trial rights, and (2) the protection of society. . . .

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner

consistent with society's right to punish and deter crime. In considering [these] matters . . . , courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Carl*, 276 A.3d at 748 (citation omitted).

Initially, we calculate that at the 2021 Docket, the Commonwealth filed a complaint on July 21, 2021, and trial commenced 426 days later, on September 20, 2022. On appeal, Appellant challenges only two periods of delay: (1) the 43-day delay in the preliminary arraignment, caused by issues with the Polycom equipment; and (2) the almost five month lapse between the dismissal of the assault by life prisoner charge and the refiling of it. We address these claims *seriatim*.

First, Appellant reiterates his argument that the "48 day[ ]" delay in the preliminary arraignment, caused by "technical difficulties" with the video conferencing equipment, should be attributed to the Commonwealth because the use of the equipment is solely for the Commonwealth's benefit "in not having to transport [him] to in-person hearings." Appellant's Brief at 13. Appellant further reasons the Commonwealth could have exercised due diligence by transporting him "at any point between July 28[ ] and September 7." *Id.* We conclude no relief is due.

As stated above, the trial court found the technical issues with the Polycom equipment were not caused by any "fault of the Commonwealth." Opinion & Order at 1. Appellant does not dispute this finding. Instead, he

argues the delay should nevertheless be attributed to the Commonwealth because it solely benefitted from the equipment. However, Appellant cites no legal authority, and we have discovered none, for his proposition — that when videoconferencing equipment or other technology, which belongs to and is maintained and controlled by the trial court, benefits one party over the other, any delays caused by malfunctioning of the equipment is attributable to that party for Rule 600 purposes. *See* Pa.R.A.P. 2119(a) (argument shall include "such discussion and citation of authorities as are deemed pertinent"). Appellant likewise presents no authority to support his underlying premise — that **not** having to transport a defendant from prison to the court is a "benefit" conferred upon the Commonwealth. Accordingly, no relief is due on these grounds.

Furthermore, Appellant provides no support for his bald contention that the Commonwealth could have simply transported him to the trial court "at any point." *See* Appellant's Brief at 13. He cites no evidence the court and the parties considered any feasible earlier preliminary arraignment date, that was amenable to the trial court and both parties. For all the foregoing reasons, we do not disturb the trial court's finding that the 43 day-delay, caused by PolyCom equipment issues, was not attributable to either party. *See Carl*, 276 A.3d at 748.

Next, Appellant reiterates his claim that the refiled charge of assault by life prisoner should have the same mechanical run date as that for the

originally filed complaint, July 21, 2022. *See* Appellant's Brief at 13. In support, Appellant again avers the Commonwealth failed to exercise due diligence after the October 21, 2021, dismissal of the charge, when it did not refile the charge until five months later, on March 17, 2022. *See id.* at 13-15. Appellant claims there were no circumstances preventing the refiling of the charge, and "the Commonwealth acted with evasive intent in attempting to circumvent the [Rule 600] time constraints." *See id.* at 15-16. Appellant thus claims this passage of time is attributable to the Commonwealth. *Id.* at 14. Additionally, Appellant cites the Commonwealth's prior motion to continue trial for the first docket "so that the [second docket] could 'catch up' with" it. *Id.* at 13-14. We do not reach the merits of this claim, as we may affirm the court's order on the basis of Appellant's next argument.[8]

In his third argument, Appellant contends that even if the trial court were to exclude the "48 day[ ]" delay caused by the Polycom equipment issues, and the Rule 600 calculations began on the date the first complaint was filed, the adjusted run date would be September 7th, but he was not

---

[8] "We can affirm the trial court's decision if there is any basis to support it." ***Commonwealth v. Sunealitis***, 153 A.3d 414, 423 (Pa. Super. 2016).

brought to trial until September 20th.[9] Appellant's Brief at 13. This delay is 13 days long.

The trial court addressed Appellant's claim, explaining the trial term in Erie County commenced on September 12, 2020; and the court was not available from September 13th to Friday, September 16th, as it was presiding over a homicide trial. Opinion & Order at 2. Trial commenced on Tuesday, September 20th. The trial court concluded this administrative delay, caused by the court's own scheduling, should not be attributable to the Commonwealth.

On appeal, Appellant does not dispute, let alone address, this discussion of the 13 day period; he makes no claim the 13-day delay was attributable to the Commonwealth's actions. As stated above, if trial commences after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(D). *See Carl*, 276 A.3d at 749. Any delays "outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence" extend the adjusted run date. *Id.* We conclude that under these circumstances, the trial court did not abuse its discretion in denying Appellant's motion to dismiss. *See Carl*, 276 A.3d at 748, 749 (any period of

---

[9] As noted above, while Appellant contends trial commenced on September **21**, 2022, we conclude it commenced on September **20th**, when jury selection began. *See* Pa.R.Crim.P. 600, *comment.*

- 13 -

delay, which was outside the Commonwealth's control and not the result of the Commonwealth's lack of diligence, results in an extension of the run date).

For the foregoing reasons, we conclude Appellant's Rule 600 motion claims do not merit relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/8/2023