J-A17018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE DAVID MEEKS | : | |
| | : | |
| Appellant | : | No. 998 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 11, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003124-2023

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: August 5, 2025**

Willie David Meeks ("Meeks") appeals from the judgment of sentence imposed following his convictions for two counts of summary harassment.[1] We affirm.

We glean the following factual and procedural history from the record. In 2022, Meeks' former girlfriend and the mother of his children, Kaniyah Garner ("Garner"), was visiting Meeks at his residence when the couple got into a heated argument, resulting in Garner returning to her vehicle to leave, and Meeks chasing after her.  As Garner had locked the vehicle's doors by the time he reached her, an enraged Meeks "started banging on [and punching] the . . . [rear passenger-side] window [where her son was sitting], trying to break" it so that he could "get access to" Garner.  N.T., 7/11/24, at 22.  When Garner drove away, she "started receiving . . . threats and text messages

---

[1] *See* 18 Pa.C.S.A. § 5503(a)(4).

[from Meeks] saying that on [twenty-three]'s grave [Garner would] be dead[, that he knew where she and her son lay their heads at night,] and that he'll come and shoot up [Garner's] great[-]grandmother's house and everything else." *Id*. at 22, 25.[2] That night, Garner returned to her great-grandmother's house, whereupon she called the police and informed them of Meeks' threats and his repeated attempts to contact her.

On November 5, 2022, police charged Meeks with terroristic threats, simple assault, and harassment. On January 26, 2023, the initially scheduled date for the preliminary hearing, Meeks requested a continuance, and the trial court granted it. At the rescheduled preliminary hearing on March 2, 2023, Meeks again requested a continuance, and the trial court granted it as well. Three weeks later, on March 23, 2023, the trial court granted Meeks a third continuance, rescheduling the preliminary hearing to April 6, 2023, whereupon Meeks requested, and the trial court granted, a fourth continuance. Finally, at the preliminary hearing conducted on April 20, 2023, Meeks waived all charges for formal arraignment.

At the formal arraignment scheduled for June 6, 2023, the Commonwealth requested a continuance of the arraignment hearing for additional time to review documents, and the trial court granted the request.

---

[2] Garner explained that when Meeks referred to "[twenty-three]'s grave," he was likely referring to one of his friends who passed away, and that Meeks "always" swore in this fashion when making threats. N.T., 7/11/25, at 27.

As a result of this delay, Meeks' formal arraignment occurred one month later, on July 6, 2023.

The trial court scheduled the matter for trial on October 4, 2023. On that date, all parties appeared in court and were ready to proceed with trial. However, the trial court announced that it was unavailable, and that trial would need to be continued. Based on the trial court's unavailability, the Commonwealth submitted a motion for continuance, in which it stated: "[Meeks] has rejected [the] Commonwealth's offer and desires a non-jury trial in this matter. All witnesses are present, but the court is unavailable today." Motion for Continuance, 10/4/23, at 1 (unnecessary capitalization omitted). Both parties consented to the continuance, and the trial court rescheduled trial for December 13, 2023. Notably, despite the sole cause for the continuance being the trial court's unavailability, the court entered a continuance order wherein it checked boxes indicating that the Commonwealth was responsible for the resulting period of delay, and that the delay would be included for purposes of Rule 600.

The trial court was unavailable on December 13, 2023, and rescheduled the trial for the morning of January 23, 2024. On the morning of January 23, 2024, the Commonwealth was present and prepared to proceed with its witnesses, Garner and the police officer who responded to the incident. However, the trial court was unavailable to proceed with trial that morning, and rescheduled it for that afternoon at 2:00 p.m. Garner subsequently failed to appear for trial that afternoon. Consequently, the Commonwealth moved

for a continuance, stating as follows: "The victim in this matter was present for court this morning & told to return for trial at 2:00 PM. She is no longer present in the courthouse (to the knowledge of undersigned counsel). Affiant is present & prepared to proceed." Motion for Continuance, 1/23/24, at 1. Although Meeks objected to the continuance, the trial court ultimately granted it and rescheduled trial for April 10, 2024. Again, the trial court indicated in its order that the Commonwealth was responsible for the resulting period of delay, and that the delay would be included for purposes of Rule 600.

The trial court was unavailable on April 10, 2024, and rescheduled trial for June 4, 2024. On June 3, 2024, the day before trial, Meeks filed a Rule 600 motion to dismiss his pending charges. In doing so, Meeks asserted that because police filed the criminal complaint on November 5, 2022, the Commonwealth had 365 days from that date to bring him to trial pursuant to Rule 600, until November 5, 2023. However, Meeks acknowledged that because he was responsible for a combined eighty-four days of postponement at the preliminary hearing stage, this period of delay would be excluded from the Rule 600 calculation. Meeks further acknowledged that the trial court was responsible for forty-one days of postponement at the trial stage, and that this period of delay would also be excluded from the Rule 600 calculation. According to Meeks, this combined 125-day period only extended the Rule 600 deadline to March 9, 2024. Thus, Meeks asserted that because the Commonwealth failed to exercise due diligence in bringing him to trial by this deadline, the trial court should dismiss his charges.

- 4 -

The following day, both parties appeared before the trial court, whereupon the Commonwealth communicated that it was prepared to proceed to trial. In lieu of holding trial, however, the trial court instead ordered the Commonwealth to file a written response to Meeks' Rule 600 motion. In response, the Commonwealth motioned the court for a continuance to "allow [it] an opportunity to respond to [the Rule] 600 motion[.]" Motion for Continuance, 6/4/24, at 1 (unnecessary capitalization omitted). Meeks did not object to the continuance, and the trial court granted the motion, rescheduling trial for July 11, 2024, and indicating that it would exclude the resulting period of delay for purposes of Rule 600.

The Commonwealth thereafter filed a response to Meeks' Rule 600 motion, wherein it argued that the adjusted mechanical run date was instead November 4, 2024, and that the court should therefore dismiss the motion given that the deadline had not yet passed. In reaching this conclusion, the Commonwealth provided the following breakdown of its Rule 600 calculations:

> 27. The mechanical run date for trial in this matter from the filing date of the complaint on November 5, 2022[,] was November 5, 2023.
>
> * * * *
>
> 35. At the time of the pretrial conference in this matter on July 14, 2023, accounting for the undisputed [eighty-four] days of delay caused by [Meeks] at the magistrate court, the adjusted final trial date was January 27, 2024. The trial date scheduled for October 4, 2023[,] was well within the allotted time for trial in this matter.

36. On October 4, 2023, when all witnesses were present and the parties were prepared to proceed for trial, scheduling constraints on [the trial court] caused a [seventy]-day delay of trial to December 13, 2023, resulting in an adjusted run date of April 7, 2024.

37. Delay of trial on December 13, 2023[,] to January 23, 2024[,] was due to [the trial court's] unavailability. This undisputed [forty-one]-day delay is attributed to the judiciary, resulting in an adjusted run date of May 18, 2024.

38. Postponement of trial on January 23, 2024 was due to matters outside the Commonwealth's control and not the result of the Commonwealth's failure to exercise diligence in bringing this case to trial when the victim failed to re-appear for [c]ourt after trial was rescheduled from 8:30 AM to 2:00 PM, despite reasonable efforts made by counsel for the Commonwealth to secure her presence at the rescheduled time for trial. The resulting [seventy-eight]-day delay to the trial date scheduled for April 10, 2024[,] is excludable time resulting in an adjusted run date of August 4, 2024.

39. Delay of trial on April 10, 2024[,] to June 4, 2024[,] was due to [the trial court's] unavailability. This undisputed [fifty-five]-day delay is attributed to the judiciary, resulting in an adjusted run date of September 28, 2024.

40. Postponement of trial on June 4, 2024[,] to July 11, 2024[,] was due to the late filing of [Meeks'] [Rule 600 motion], necessitating a [thirty-seven]-day delay attributed to [Meeks], resulting in an adjusted run date of November 4, 2024.

Commonwealth's Response to Defendant's Motion to Dismiss Pursuant to Rule 600, 7/11/24, at unnumbered 5-6, 8-9.

On the morning of July 11, 2024, the trial court held a hearing on Meeks' Rule 600 motion. Prior to hearing arguments, the trial court reminded both parties that it read the Rule 600 motion and the Commonwealth's response "a number of times[,]" such that they should proceed with this in mind. N.T.,

7/11/24, at 4. As such, Meeks briefly argued that the following periods were excludable from the court's Rule 600 calculations: (1) the eighty-four-day period, from January 26, 2023, to April 20, 2023, attributable to Meeks' multiple requests for continuances at the preliminary hearing stage; and (2) the forty-one-day period, from December 13, 2023, to January 23, 2024, attributable to the trial court due to its unavailability. *See id*. at 4-6. Pertinently, Meeks averred that the following two periods of delay were attributable to the Commonwealth: (1) the seventy-day period between October 4, 2023, and December 13, 2023, resulting from the Commonwealth's motion for continuance after plea negotiations broke down; and (2) the seventy-eight-day period between January 23, 2024, and April 10, 2024, as a result of the Commonwealth's witness becoming unavailable for trial that afternoon. *See id*. at 5. Consequently, Meeks maintained that because only 125 days of these delays were excludable from the Rule 600 calculations, the trial court should dismiss his charges, as the Commonwealth failed to diligently bring him to trial before the March 9, 2024 adjusted run date. *See id*. at 6.

In response to this Rule 600 calculation, the Commonwealth argued that the court should additionally exclude the seventy-day period of delay attributed to its October 4, 2023 continuance. *See id*. at 6-7. The Commonwealth explained that although its efforts to resolve the case with Meeks pursuant to a plea agreement were unsuccessful, it was nonetheless prepared to proceed to trial that same day. *See id*. at 7. The Commonwealth emphasized that it was the trial court's unavailability that afternoon that

caused it to motion for a continuance, that the motion stated as such, and that Meeks did not object to postponing trial for this reason. *See id* at 7-8. When the trial court asked the Commonwealth to explain why the continuance order indicated that this period of delay was includable for purposes of Rule 600, the Commonwealth's attorney explained "that it may have just been because [she] as the representative for the Commonwealth filled out the continuance on that date." Notably, Meeks' attorney did not contest this explanation, and instead responded, "That's correct." *Id*. at 9-10.[3]

At the conclusion of the hearing, the trial court determined that the Commonwealth did not cause the October 4, 2023 continuance, and that the resulting seventy-day delay was therefore excludable for purposes of calculating the adjusted run date. *See id*. at 10. The trial court did not address the Commonwealth's seventy-eight-day continuance from January 23, 2024, and instead denied Meeks' motion. *See id*. After proceeding directly to Meeks' non-jury trial, the trial court ultimately found Meeks guilty of two counts of summary harassment. *See id*. at 63-64. For these crimes, the trial court imposed an aggregate term of six months' probation that same day. Meeks filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

---

[3] We note that the Commonwealth did not present any argument as it relates to the seventy-eight-day period of delay resulting from the grant of its January 23, 2024 continuance.

Meeks raises the following issue for our review: "Whether the trial court erred in denying . . . Meeks' motion to dismiss pursuant to Rule 600?" Meeks' Brief at 6 (unnecessary capitalization omitted).

In his sole issue, Meeks challenges the trial court's dismissal of his Rule 600 motion. Our standard of review of a decision on a Rule 600 speedy trial motion is whether the trial court abused its discretion. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the [trial court's] findings. An appellate court must view the facts in the light most favorable to the prevailing party

*Id*. (brackets omitted).

Pennsylvania Rule of Criminal Procedure 600(A) states that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). This initial 365-day period ends at "the mechanical run date." *Ramos*, 936 A.2d at 1101. Pursuant to Rule 600(C), "the mechanical run date can be modified or extended by adding . . . any periods of time in which delay is caused by the defendant." *Id*. This new date is the "adjusted run date." *Id*. Under Rule 600(A), the trial court:

may exclude not just the time that the defendant or his attorney is unavailable for trial, but the entire period of delay that results from such unavailability. [A]ctual delay caused by the defendant's unavailability includes the period of time from the date of his unavailability until the earliest practicable trial date.

***Commonwealth v. Logsdon***, 803 A.2d 1289, 1291 (Pa. Super. 2002) (citation and emphases omitted).

Pertinently, Rule 600(C) states that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

In ruling on a defendant's Rule 600 motion, the trial court must "determine whether the Commonwealth has met its obligation to act with due diligence in preventing delay throughout the life of the case." ***Commonwealth v. Harth***, 252 A.3d 600, 618 (Pa. 2021). "[T]he onus is on the Commonwealth to demonstrate that it engaged in due diligence in at least being capable of bringing a defendant to trial within the prescribed time parameters." ***Commonwealth v. Wiggins***, 248 A.3d 1285, 1289 (Pa. Super. 2021). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010) (citation omitted). "[I]f the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own unavailability due to a congested calendar or other

- 10 -

scheduling problems as justification for denying the defendant's motion." *Harth*, 252 A.3d at 618.

Meeks argues that the trial court erred by denying his Rule 600 motion, as he contends that it failed to properly calculate the adjusted mechanical run date during the Rule 600 hearing. Specifically, Meeks avers that "the [t]rial [c]ourt made no specific findings regarding the Commonwealth's due diligence at any time periods, let alone the October 4, 2023[] trial listing that the parties clearly were at odds about." Meeks' Brief at 20. In support, Meeks avers that "it is indisputable that [his] non-jury trial did not commence until more than eight months after the [November 5, 2023] mechanical run date had expired." *Id*. at 20-21. Accordingly, he contends that the trial court's failure "to determine the adjusted run date in [his] case [and] consider all periods of delay caused by the Commonwealth's failure to exercise due diligence in determining the time within which [he] was to be brought to trial[,]" requires this Court to vacate the lower court's denial order and remand "for a new Rule 600 hearing at which the [t]rial [c]ourt must, at minimum, make these particular findings and conclusions." *Id*.

The trial court considered Meeks' Rule 600 argument and determined that it lacked merit, reasoning as follows:

> It is clear from the hearing and review of the record that on October 4, 2023, this Court was not available for an afternoon trial on the matter after negotiations were unsuccessful in the morning. Both parties were available and ready to proceed to trial, however the Court was not available to proceed to trial at that time due to a full docket. Through no fault or intentional

evasion of the Commonwealth[,] the matter was postponed to a later date. The defense argues that this time should be attributable to the Commonwealth simply because the Commonwealth submitted the postponement paperwork. This was merely an administrative task and not misconduct or a lack of due diligence on the part of the Commonwealth. [Meeks'] appeal is without merit.

Trial Court Opinion, 10/7/24, at 4.

Based on our review, we discern no abuse of discretion by the trial court in denying Meeks' Rule 600 motion, as its reasonable exclusion of the Commonwealth's October 4, 2023 continuance, by our calculation, alone extended the adjusted run date to August 19, 2024 — more than one month after Meeks' trial took place on July 11, 2024. For clarity, we now specify in detail the calculations and analysis which make up this result.

On November 5, 2022, police filed the underlying charges against Meeks. Accordingly, the Commonwealth initially had 365 days from this date, until November 5, 2023, to timely bring Meeks to trial. *See* Pa.R.Crim.P. 600(A)(2)(a). Notably, however, Meeks concedes that eighty-four of these days were excludable from the court's Rule 600 calculations, as they were a result of his multiple requests for continuances at the preliminary hearing stage, between January 26, 2023, and April 20, 2023. Thus, the exclusion of this period initially extended the Commonwealth's Rule 600 deadline by eighty-four days.

On June 6, 2023, the trial court granted the Commonwealth's motion for a continuance on the basis that it needed more time to review documents for the formal arraignment. Accordingly, because the resulting period of delay

from June 6, 2023, to July 6, 2023, is attributable to the Commonwealth, it does not further extend the adjusted run date. **See** Pa.R.Crim.P. 600(C)(1).

On October 4, 2023, the trial court granted the Commonwealth's motion for a continuance, resulting in an additional seventy-day delay, until December 13, 2023. However, we emphasize that the context surrounding this continuance supports the trial court's determination that the Commonwealth was not the underlying cause of the delay, and that the delay was instead attributable to the trial court's unavailability. Pertinently, the Commonwealth clearly stated in its motion that although it was prepared to proceed to trial that day, it was seeking a continuance solely because the trial court's scheduling unavailability prevented it from doing so. Moreover, we note that Meeks did not: (1) contest the Commonwealth's continuance motion; or (2) disagree with the Commonwealth's explanation that the continuance order only indicated that this delay was attributable to the Commonwealth for purposes of Rule 600 due to a clerical error. **See** N.T., 7/11/24, at 10. Accordingly, we discern no abuse of discretion by the trial court in excluding this seventy-day period of delay from its Rule 600 calculations. Thus, the exclusion of this seventy-day period increased the total excludable period of delay to 154 days.

Because the trial court was unavailable on the rescheduled trial date of December 13, 2023, the resulting forty-one-day delay, until January 23, 2024, was also excludable for purposes of Rule 600. The exclusion of this period

extended the adjusted run date by an additional forty-one days, thereby increasing the total excludable period of delay to 195 days.

On January 23, 2024, the trial court granted the Commonwealth a motion for a continuance due to the sudden unavailability of its key witness, Garner, who was present on the morning of trial, but failed to appear later in the day, after trial had been rescheduled to the afternoon. This continuance resulted in a seventy-eight-day delay, until the next scheduled trial date of April 10, 2024. However, we note that the trial court did not address the effect of this delay for purposes of Rule 600 during the corresponding hearing, or in its Rule 1925(a) opinion. Regardless, however, a determination of whether this period is excludable for purposes of Rule 600 is not necessary for this appeal, and we similarly need not address it. Accordingly, because the trial court's order granting the continuance initially attributed this delay to the Commonwealth for purposes of Rule 600, we will also treat it as included for purposes of this appeal. Therefore this delay does not extend the adjusted run date.

Due to the trial court's unavailability on April 10, 2024, it rescheduled trial to June 4, 2024. Consequently, because this additional fifty-five-day delay was not attributable to the Commonwealth for purposes of Rule 600, it is excludable. Thus, the exclusion of this fifty-five-day period increased the total excludable period of delay to 250 days.

On June 4, 2024, the Commonwealth appeared before the court prepared to proceed to trial. However, in lieu of conducting the trial, the court

instead ordered the Commonwealth to file a written response to Meeks' Rule 600 motion, which he filed the previous day. As a result, the court granted the Commonwealth's motion for a continuance and rescheduled trial for July 11, 2024, resulting in an additional thirty-seven-day delay. In its order, the trial court indicated that the Commonwealth was not responsible for this period of delay, such that it was excludable for purposes of Rule 600. Notably, Meeks did not object to this postponement, and he does not challenge this designation on appeal.[4] Therefore, this final thirty-seven-day delay, leading up to Meeks' trial on July 11, 2024, increased the total excludable period of delay to 287 days.

The addition of these 287 excludable days to the November 5, 2023 mechanical run date results in an adjusted run date of August 19, 2024.[5] Consequently, because the trial court conducted Meeks' non-jury trial on July 11, 2024 — over one month prior to this date — we conclude it did not abuse its discretion in denying the Rule 600 motion. Therefore, we hold that Meeks' sole issue on appeal is without merit, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

---

[4] Even if we were to attribute this period of delay to the Commonwealth, there was no Rule 600 violation because the matter was brought to trial on July 11, 2024, prior to the adjusted run date of August 19, 2024.

[5] *See* 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day). Thus, as the 287th day fell on a Sunday, it extended the adjusted run date to Monday, August 19, 2024.

J-A17018-25

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

8/5/2025